IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-CR-70

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KELLY WOODROW ROSS ) | |
| _____ ) | |

This matter is before the Court on Defendant's "Motion for Hearing on Detention/Release" ("Motion to Reopen"). Doc. 304.

## I. Relevant Procedural History

In a Bill of Indictment filed on August 3, 2021, Defendant Kelly Woodrow Ross ("Defendant") was charged with one count of engaging in a conspiracy to possess with the intent to distribute methamphetamine and one count of possessing with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine. Doc. 3.

On August 16, 2021, Defendant made an initial appearance at which time the Government moved for detention and for a continuance of the detention hearing.

On September 8, 2021, following delays for medical reasons, arraignment and detention hearings were conducted. Defendant was detained following argument.

1

On November 22, 2021, Defendant filed the instant Motion to Reopen by which he requests that his detention hearing be reopened. The Government responded in opposition on December 8, 2021. Doc. 311.

## II. Legal Standard

In order for a detention hearing to be reopened, the court must find "that information exists that was not known to the movant" at the time of the detention hearing and that the information "has a material bearing" on the issue of whether there are conditions of release that will reasonably assure the defendant's appearance as required and the safety of any other person and the community. 18 U.S.C. § 3142(f)(2)(B).

As one court explained recently, the second condition requires more than the production of evidence that simply relates in some way to the detention decision; it requires a defendant to present "evidence that, if true, affects the outcome of the Court's pre-trial detention inquiry under the Bail Reform Act." United States v. Chansley, No. 21-CR-3 (RCL), 2021 WL 2809436, at *3 (D.D.C. July 6, 2021).

Even where these conditions have been satisfied, the court retains the discretion to determine whether to reopen the hearing. United States v. Rivers, No. 19-20492, 2021 WL 5234516, at *1 (E.D. Mich. Nov. 10, 2021) (where the two conditions are met "[a] district court has discretion—but is not required—

2

Case 1:21-cr-00070-MR-WCM   Document 348   Filed 12/28/21   Page 2 of 7

to reopen a detention hearing") (citing 18 U.S.C. § 3142(f)(2)(B) and United States v. Watson, 475 F. App'x 598, 600 (6th Cir. 2012)).

## III. Discussion

### A. The Detention Hearing

In this case, the evidence at the detention hearing included the Pretrial Services Report (Doc. 160) and the testimony of Brian Leopard, who is a member of the Swain County Sheriff's Department and a full-time task force officer with the DEA.

Because there was probable cause to believe that Defendant had committed an offense for which a maximum term of imprisonment of 10 years or more was prescribed in the Controlled Substances Act, a rebuttable presumption existed that no condition or combination of conditions would reasonably assure the appearance of Defendant as required and the safety of the community. The undersigned found that Defendant had not introduced sufficient evidence to rebut the presumption, and, alternatively, that the Government had shown by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community and by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure Defendant's appearance as required.

The Court's detention order referenced the following reasons: Defendant is subject to a lengthy period of incarceration if he is convicted; his prior criminal history; his participation in criminal activity while on probation, parole, or supervision; a history of alcohol or substance abuse; lack of stable employment; and prior failure to appear in court as ordered. The Court also explained its analysis and the basis for its decision orally at the conclusion of the hearing, and those findings appear on the record.

### B. The Motion to Reopen

Defendant's Motion to Reopen states in relevant part as follows:

> Currently this attorney has further reviewed Defendant's request to be released determining that Defendant now has a stable residence in which to live. Specifically, this attorney has confirmed if this Honorable Court were to release Defendant he would reside with his sister who has agreed to act as a third party custodian. This would provide Defendant a stable residence and the ability to assist with the care of his elderly father who resides nearby.

Doc. 304 at 1.

In its response, the Government states that Defendant's information "namely that he has a stable place to live, that he will live with his sister, and that she will act as a third party custodian, does not appear to be new in that it was known to the defendant at the time of [the] detention hearing." Doc. 311 at 2.

4

In the alternative, the Government contends that even if the information is considered to be new, it is arguably not material and would not rebut the presumption in favor of detention with respect to the risk of flight. Id.

Finally, the Government argues, in the second alternative, that even if the information would be material to whether Defendant poses a risk of flight, "that issue is moot given the Court's prior ruling that the defendant did not overcome the presumption with respect to danger to the community." Id. at 3.

### C. Analysis

The undersigned reads the Motion to Reopen as stating that Defendant now has a stable residence in which to live (specifically that he could reside with his sister), that she has agreed to act as his third-party custodian, and that Defendant could assist with the care of his elderly father.

This information does not appear to be new, as information pertaining to Defendant's living situation was part of the record and considered during Defendant's prior detention hearing. The Pretrial Services Report stated that Defendant had advised that, if he were to be released, he would return to a residence in Waynesville, North Carolina "where he resides with his father and sister." In addition, during the hearing, defense counsel proffered that he understood that Defendant's elderly father and Defendant's sister owned a home and property, that portions of the residence were being rented out to

5

other individuals, that Defendant lived at the same location but in a camper outside of the house, and that he performs maintenance around the property.

Even if the information presented by the Motion to Reopen is considered to be new, the undersigned is not persuaded that reopening the detention hearing is warranted.

The undersigned's prior decision regarding detention was made after close examination of the existing record and the evidence presented at the hearing. At that time, the Court noted that certain information favored release, including Defendant's apparently stable living situation, that Defendant has a lifetime in the community, and that he had been living at the same address since 1981. It was also noted that there was no evidence of mental health issues and, from approximately 2009 through 2019, no charges were brought against Defendant. Further, he had been on bond on state charges since April 2020.

Other information, however, favored detention, including that some of the information in the Pretrial Services Report was unverified and that Defendant was unemployed. Of significant concern was a statement in the Pretrial Services Report that Defendant himself had reported a positive substance abuse history that included the daily use of methamphetamine. During the detention hearing, however, defense counsel represented that Defendant did not know why that information was in the Report. Further, Defendant had drug-related offenses in his background and his probation had

6

been revoked on multiple occasions. Though some of those occasions were remote in time, the Report indicated that an order for Defendant's arrest had been entered in August 2021 in a state case involving misdemeanor drug charges that had been filed the preceding May.

Having reviewed the Motion and the record, including the detention order and the reasons and analysis discussed orally at the conclusion of the detention hearing, the undersigned concludes that much of the subject information is not new.

In the alternative, in light of the totality of the record including but not limited to Defendant's criminal history and recent drug-related charges, and contradictory statements regarding Defendant's daily use of methamphetamine, the information does not have a material bearing on the Court's prior decision as to whether Defendant should be detained.

**IT IS THEREFORE ORDERED THAT** Defendant's "Motion for Hearing on Detention/Release" (Doc. 304) is **DENIED**.

Signed: December 28, 2021

W. Carleton Metcalf
United States Magistrate Judge